STATE v. CANNON.

1. CRIMINAL LAW—EVIDENCE.—IT IS HARMLESS ERROR to permit testimony tending to show that the prosecutor had lost articles out of a drawer in his house, without connecting it with defendant, in a prosecution for homicide in the house.

2. CHARGE—CONFESSIONS.—A Judge would invade the province of the jury if he were to instruct them that they must view an alleged confession with great caution, or should not give it any more weight than that of a feather, or that it is never safe to convict on an uncorroborated confession.

3. IBID.—AIDING AND ABETTING.—Every proposition of law on aiding and abetting, covered by the request, was properly charged by the Judge, but not in exact form of request.

4. DEFENSE OF DWELLING—CHARGE.—The principles of law as to the right of a person to use force in protecting his dwelling, properly given the jury.

5. CHARGE considered in its entirety shows that the Judge did not intend to express an opinion on the facts.

6. IBID.—SELF-DEFENSE.—The instruction on self-defense was responsive to defendant's plea.

Before ALDRICH, J., Spartanburg, November, 1897. Affirmed.

Indictment of Chris. Cannon for shooting Capt. John H. Blassingame. From verdict of guilty and sentence thereon defendant appeals.

*Mr. C. J. Hunt*, for appellant, cites: *Confessions:* 49 S. C., 550.

*Solicitor T. S. Sease* and *Mr. Horace L. Bomar*, contra, cite: *A request containing faulty proposition of law may be refused:* 46 S. C., 218; 48 S. C., 195, 364. *Party desiring jury specifically instructed, must so request:* 46 S. C., 43; 49 S. C., 438.

June 29, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. Upon his second trial, before his Honor, Judge Aldrich, the appellant was convicted of murder, and has appealed from the sentence of the Court upon exceptions, the first of which is as follows: "1. Because his Honor erred in allowing the question and answer of J. M. Elford, a witness for the State, after objection, as follows: Q. 'Had your house been entered some time previous to this?' A. 'Yes, sir, a few days before; I think it was on Friday, and Thursday, and probably Saturday;' when there was no testimony prior to that, or during the progress of the trial, connecting the defendant with entering said house; and by allowing the said witness to testify: 'I lost some small things out of a drawer;' this being objected to upon the ground that it is not competent unless

brought home to the defendant." There was testimony tending to show that the defeudant had entered the house at the time mentioned in the exception, and this disposes of the first question therein presented. Even if there was error in allowing the witness to testify that he had lost some small things out of a drawer, it was harmless, and this exception is overruled.

The second exception is as follows: "2. Because his Honor erred in not charging defendant's first request, as follows: '1. If you find from the evidence that the defendant made statements or confessions while suffering great pain and mental anxiety, and was under the influence of morphine or other narcotics, you must view and consider the evidence with great caution; and if such be a fact in the case, you should not give such testimony any more weight than that of a feather in making up your verdict as to the guilt or innocence of the defendant.

The confessions or statements, in order to be binding upon the defendant, must be shown from the evidence to have been voluntary on his part. It is not always easy to determine whether a confession is or is not voluntary, and if you find such a fact in this case, arising out of the testimony, and there is doubt in your minds, you must give the defendant the benefit of such doubt. In considering this testimony, you must take into consideration each circumstance affecting the defendant, his age, experience, intelligence, and constitution, both physical and moral, and all the circumstances surrounding the case, and after considering them as a whole, and any doubt arising in your minds, you must solve that doubt in favor of the defendant. Statements and confessions, in order to be binding upon the defendant, must be free and voluntary, it must not be extorted by any sort of threats ·or violence, nor obtained by any direct or implied promises, nor by the exertion of any improper influence, because, under such circumstances, the defendant may have been influenced to say what was not true. It is never safe to convict a defendant upon uncorroborated statements or con-

fessions.'" When this request was presented, his Honor said to the jury: "Well, gentlemen; a majority of the ideas in that request are, in my judgment, founded upon legal principles; but I cannot charge you the law as stated there. I will endeavor briefly to explain to you the law along that line, as I understand it. For a statement or confession to be introduced in evidence, it must first be shown, to the satisfaction of the Court, that the statement, according to the testimony, was made freely and voluntarily; because a statement wrung from one by hopes of reward or fears, or by menaces or threats, would not be such a statement as would fall within the terms free and voluntary; and it is only when a statement is made by a party accused of crime of his own volition, freely and voluntarily made, that it is admitted in testimony. Now, in this case, as in all others, it is the duty of the Judge, in the first instance, to say whether that testimony is competent—that is, whether it is admissible and proper to go to the jury. With that question you, gentlemen, have no concern. The responsibility is upon the Judge. But after the testimony or statements are in, they go to you as any other testimony in the case, for you to pass upon them and say what weight or effect they are entitled to; and you have the right—it is not only your right, but it is your duty—to weigh these statements and all these matters, whether they be true or not; and in this case the request is, that if the person be under the influence of narcotics, and so on. Now, in this case, it would be wrong, contrary to the law, for me to express any opinion whether or not the accused made a statement, and, if he made a statement, whether or not he was under the influence of narcotics, or delirious from bodily pain. The testimony is before you, and if in your opinion, under that testimony, you are satisfied that he made statements, and that he made them while under the influence of narcotics, or delirious from pain, why, of course, you would throw them aside from your consideration, because not made by a responsible person. Now, those are questions

of fact entirely for you. The last sentence in that request, 'It is never safe to convict a defendant upon uncorroborated statements or confessions,' I cannot charge you. I do charge you this: that if a person of sane mind, accused of crime, freely, voluntarily, and of his own volition, admits his guilt and states it, and you believe it to be true, you can convict him, whether corroborated or uncorroborated, if that statement or confession, whatever it may be, satisfies your minds beyond a reasonable doubt that the party is guilty." This is the only one of the exceptions which the defendant's attorneys argued before this Court. If the Judge had charged the request as presented, he would have invaded the province of the jury in at least three particulars: 1st, it would have been a charge upon the facts, if the Judge had told the jury that they must view the testimony therein mentioned with great caution; 2d, it would have been a comment on the facts, if the Judge had charged the jury that they should not give such testimony any more weight than that of a feather in making their verdict as to the guilt or innocence of the defendant; and, 3d, it would also have been an invasion of the province of the jury, if the presiding Judge had told them that it was never safe to convict a defendant upon his uncorroborated statements and confessions. This request was substantially charged, except in those particulars which were objectionable. The second exception is also overruled.

The third exception is as follows: "3. Because his Honor erred in not charging defendant's second request, as follows:

'2. If the defendant and another person went to the house where the homicide was committed, and there was no common purpose to kill and murder, and the killing had no connection with the common purpose to do an unlawful act, and the killing did not ensue as a probable result of an attempt to execute it, then the slayer alone is responsible for the killing, and if you find as matter of fact that the party who was with this defendant (if you find there was any one with him), killed Capt. Blassingame,

under these circumstances, then, and in such case, the defendant would not be guilty. You cannot convict the defendant if you find, after considering all the testimony, that there is a reasonable doubt as to his guilt.'" In disposing of this request, the presiding Judge said: "Well, gentlemen, as I remarked in regard to the first request, there is considerable good law, most of it in there is good law, but I cannot charge you that request in that form either. It begins with: 'If the defendant and another person went to the house where the homicide was committed, and there was no common purpose to kill and murder * * *.' Why, of course, if any two parties, two neighbors, go to a friend's house with no intent to commit any crime, and after they get there one of these people, visitors, falls out with the proprietor, or any one else, and commits an infraction of the law, no premeditation, they were there in a lawful way, why the man who had nothing to do with it, although he may have gone there with the man who committed it, would not be violating the law; but if two or more persons agree together to come together and engage in an unlawful act, and in pursuance of that unlawful act go forward for the commission of that offense, and while engaged in the offense, then the act of one is the act of all, if the man who acts does violate the law, as, for instance, shoots a man, he is guilty of the physical act of shooting him; the one who is there aiding him, or ready to aid, assist or abet him in the commission of the offense, though he may not have fired the shot which touched the person shot, would, in contemplation of the law, be guilty, as guilty as the one who fired the shot, because the act of one is the act of all who are present, aiding, assisting, and abetting." Although the presiding Judge did not charge the request in the form in which it was presented, he charged the jury in such a manner that the defendant got the benefit of every proposition of law therein stated. A Circuit Judge is not compelled to charge a request in its exact language, if he

charges the propositions of law therein contained. This exception is overruled.

The fourth exception is as follows: "4. Because his Honor erred in not charging defendant's third request, as follows: 'If one is lawfully in charge of a house or other premises, and some one breaks and enters said house, the party in charge has no right to shoot, except in self-defense; and if he shoots at parties who break and enter, they have the right to defend themselves to the extent of taking life, if such be necessary, to save themselves from death or serious bodily harm, and a killing in such case would be self-defense, and could not, under any view of the law, be a greater crime than manslaughter. If two or more persons enter the premises or break into the house of another, and there being no common design to kill and murder, and a party in charge of such premises or house shoots at one of the intruders, and said party being shot at shoots and kills the keeper of the house or premises, the other party would not be guilty, and the party killing, under these circumstances, would not, in any event, be guilty of any greater crime than manslaughter. No one has the right to take the law in his own hands, not even a sheriff clothed with a warrant has the right to shoot and kill in making an arrest, without he does so in self-defense.'" The Circuit Judge said: "I cannot charge you that in the language stated. Where persons are engaged in the commission of a felony—as, for instance, the breaking and entering of a dwelling house with intent to commit a larceny or other crime therein which is a felony—the owner or proprietor of that house, or other who is rightfully in charge of the dwelling house at that time, has a right to protect that house and to protect his property in it. Of course, if one catch a thief committing a crime, a felony, the person seeking to arrest him, in the first instance, would have no right to shoot him down; but in the protection of the dwelling house, the law is old. One has a right, first, to order another to leave his premises, if he be a visitor; if he

be a violator of the law, engaged in the commission of a felony, he has a right to arrest him, he has a right to use all the force necessary to arrest him, and if he resist, he has a right to use force sufficient to overcome the force and effect the arrest." The presiding Judge charged the proposition of law contained in this request, although not in its exact language; but he also very properly explained to the jury the right a person has to use force in defense of a dwelling house as well as of his person. This exception is overruled.

The fifth exception is as follows: "5. Because his Honor erred in not charging the jury that the breaking and entering of a dwelling house in the daytime was a misdemeanor and not a felony, and that the law applicable thereto was entirely different from that of one who breaks and enters a dwelling house in the night time, or with the intent to commit a felony therein; and because his Honor should have charged and explained to the jury the difference in such breaking and entering, there being no proof that there was any intent to steal, or commit any other crime, as the law governing the duty of the owner or person in possession, in such case, in making an arrest, or expelling an intruder from the premises, is materially different." The Circuit Judge substantially charged the law applicable to the case, and if the defendant's attorneys desired that the jury should be more specifically instructed, it was their duty to have presented requests to that effect. This exception is overruled.

The sixth exception is as follows: "6. Because his Honor erred in charging the jury as follows: 'Secondly, if you gentlemen, as jurors, believe that a man of average sense and firmness, under similar circumstances, would be either excusable or justifiable in acting as the testimony shows the defendant acted, and striking as he did, then the plea of self-defense would have been made out;' thereby charging directly upon the facts, and showing plainly his belief that the testimony proved that the

defendant struck the deceased." After explaining the law of murder and manslaughter, the Judge said to the jury: "Now, self-defense is where one at the time honestly believes that he is then and there assaulted, and then and there he is in imminent danger of losing his life or sustaining serious bodily harm, and under that belief he strikes, believing that it is necessary for him to do so, he would in showing this have made out the first step in self-defense; secondly, if you gentlemen, as jurors, believe that a man of average sense and firmness, under similar circumstances, would be either excusable or justifiable in acting as the testimony shows the defendant acted, and striking as he did, then the plea of self-defense would have been made out." This exception cannot be sustained, for the following reasons: 1st. Because, when the charge of the presiding Judge is considered in its entirety, it is apparent that he did not intend to express any opinion upon the testimony, or to take from the consideration of the jury any fact in the case; and 2d. Because one of the defenses relied upon by the defendant was self-defense, which presupposes that the defendant committed the homicide, and the charge was responsive, and must be construed with reference to this defense. The defendant not only relied upon the plea of self-defense as one of his defenses, but presented requests to charge the law touching said defense; so that, even admitting there was error on the part of the presiding Judge, it was harmless. This exception is overruled.

It is the judgment of this Court, that the appeal herein be dismissed, and the case remanded to the Circuit Court for such further proceedings as may be necessary to carry into effect the sentence heretofore pronounced.